# United States District Court

<u>MIDDLE</u>                District of                <u>TENNESSEE</u>

## UNITED STATES OF AMERICA

### v.

## ANTHONY PRAINO

## JUDGMENT IN A CRIMINAL CASE

Case Number:    1:13-00003

USM Number:    21621-075

<u>John S. Colley, III</u>
Defendant's Attorney

## THE DEFENDANT:

__X__    pleaded guilty to count(s)    <u>One (1) and Two (2)</u>

_____    pleaded nolo contendere to count(s) _____
which was accepted by the court.

_____    was found guilty on count(s) _____
after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 2314 | Transporting Stolen Property in Interstate Commerce | April 2012 | One (1) |
| 26 U.S.C. § 7206(l) | Filing False Income Tax Returns | February 2012 | Two (2) |

    The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

_____    The defendant has been found not guilty on count(s) _____

_____    Count(s) _____ is/are dismissed on the motion of the United States.

    It is ordered that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

<u>July 28, 2014</u>
Date of Imposition of Judgment

*Todd Campbell*
Signature of Judge

<u>Todd J. Campbell, U.S. District Judge</u>
Name and Title of Judge

<u>July 28, 2014</u>
Date

DEFENDANT:      ANTHONY PRAINO
CASE NUMBER:     1:13-00003

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

_thirty (30) months as follows:_

Count One (1): thirty (30) months concurrent with Count Two (2).
Count Two (2): thirty (30) months concurrent with Count One (1).

_____     The court makes the following recommendations to the Bureau of Prisons:

_____     The defendant is remanded to the custody of the United States Marshal.

_____     The defendant shall surrender to the United States Marshal for this district:

       _____    at _____    _____ a.m.    _____ p.m.  on _____

       _____    as notified by the United States Marshal.

___X___     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

       ___X___    before 2 p.m. on _August 28, 2014_____.

       _____    as notified by the United States Marshal.

       _____    as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
                               UNITED STATES MARSHAL

By _____
                          DEPUTY UNITED STATES MARSHAL

DEFENDANT:        ANTHONY PRAINO
CASE NUMBER:      1:13-00003

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of:   one (1) year as follows:

        Count One (1): one (1) year concurrent with Count Two (2).
        Count Two (2): one (1) year concurrent with Count One (1).

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.

| | |
|---|---|
| __X__ | The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.) |
| __X__ | The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.) |
| __X__ | The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.) |
| _____ | The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.) |
| _____ | The defendant shall participate in an approved program for domestic violence. (Check, if applicable.) |

        If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1)     the defendant shall not leave the judicial district without the permission of the court or probation officer;

2)     the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;

3)     the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

4)     the defendant shall support his or her dependents and meet other family responsibilities;

5)     the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;

6)     the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

7)     the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;

8)     the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

9)     the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

10)     the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

11)     the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

12)     the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and

13)     as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT:      ANTHONY PRAINO
CASE NUMBER:     1:13-00003

# SPECIAL CONDITIONS OF SUPERVISION

1.    The Defendant shall pay restitution to the victim identified in the Criminal Monetary Penalties section of this Judgment in an amount totaling $159,725.32. Payments shall be submitted to the United States District Court, Clerk's Office, Eighth Floor, 801 Broadway, Nashville, Tennessee 37203. Restitution is due immediately. While Defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the Defendant shall pay the remaining restitution at a minimum monthly rate of 5 percent of the Defendant's gross monthly income. No interest shall accrue. Pursuant to 18 U.S.C. § 3664(k), the Defendant shall notify the Court and United States Attorney of any material change in economic circumstances that might affect ability to pay.

2.    The Defendant shall pay the Internal Revenue Service $48,122.00 toward his outstanding tax liability. This amount is due immediately. While Defendant is incarcerated, payment shall begin under the Bureau of Prisons' Inmate Financial Responsibility Program. Should there be an unpaid balance when supervision commences, the Defendant shall pay the remaining restitution at a minimum monthly rate of 5 percent of the Defendant's gross monthly income. No interest shall accrue.

3.    The Defendant shall pay any and all outstanding income tax and timely file any income tax returns as required by law and shall provide a copy of all returns, with schedules attached, to the Probation Officer within 5 days of filing.

4.    The Defendant is prohibited from owning, carrying or possessing firearms, ammunition, destructive devices or other dangerous weapons.

5.    The Defendant shall participate in a mental health program as directed by the Probation Officer. The Defendant shall pay all or part of the cost for mental health treatment if the Probation Officer determines the Defendant has the financial ability to do so or has appropriate insurance coverage to pay for such treatment.

6.    The Defendant shall furnish all financial records, including, without limitation, earnings records and tax returns, to the United States Probation Office upon request.

7.    The Defendant shall not incur new debt or open additional lines of credit without the prior approval of the U.S. Probation Office.

8.    The Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

DEFENDANT:        ANTHONY PRAINO
CASE NUMBER:      1:13-00003

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on the attached sheet.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| **TOTALS** | **$200.00** | **$0.00** | **$159,725.32** |

_____      The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

\_\_\_X\_\_\_      The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| General Motors<br>Attn: Plant Controller<br>Mail Code 371-995-K20<br>100 Saturn Parkway<br>Spring Hill, TN 37174-1500<br>Re: GM GRIT Case No. 49598 | $159,725.32 | $159,725.32 | |
| **TOTALS** | $159,725.32 | $159,725.32 | |

_____      Restitution amount ordered pursuant to plea agreement $_____

_____      The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on the Schedule of Payments sheet may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

\_\_\_X\_\_\_      The court determined that the defendant does not have the ability to pay interest and it is ordered that:

\_\_\_X\_\_\_ the interest requirement is waived for the   _____   fine   \_\_\_X\_\_\_   restitution.

_____ the interest requirement for the _____ fine   _____ restitution is modified as follows:

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT:        ANTHONY PRAINO
CASE NUMBER:      1:13-00003

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A   _____   Lump sum payment of $_____ due immediately, balance due

              _____ not later than _____, or

              _____ in accordance _____ C,      _____ D,      _____ E, or      _____ F below; or

B   __X__   Payment to begin immediately (may be combined with _____ C, _____ D, or __X__ F below); or

C   _____   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D   _____   Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $_____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E   _____   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F   __X__   Special instructions regarding the payment of criminal monetary penalties:

              See Special Conditions of Supervision.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

_____      Joint and Several

              Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

_____      The defendant shall pay the cost of prosecution.

_____      The defendant shall pay the following court cost(s):

_____      The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including the cost of prosecution and court costs.